IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

CHRISTOPHER O'DELL,          )
                             )
        Plaintiff,           )
                             )
    v.                       )          Case No. 09-0721-CV-W-HFS
                             )
UNITED STATES OF AMERICA,    )
                             )
        Defendant.           )

**ORDER**

Defendant filed a motion to dismiss for improper venue (ECF doc. 8) and a motion to dismiss

partially for lack of subject matter jurisdiction and/or for failure to state a legally cognizable claim

(ECF doc. 9). Plaintiff failed to respond. On July 14, 2010, the court ordered plaintiff to show

cause in writing why the motions to dismiss should not be granted. In the show cause response,

plaintiff's attorney stated that he did not receive the original motions to dismiss and that he received

the show cause order belatedly due to being away on vacation. He requested an extension of time.

In a September 2, 2010 order, the court granted an extension to September 16, 2010.[1] To date,

however, plaintiff has not filed responses to the motions to dismiss, nor has he filed any other

document. As a result, the court must rule on the motions to dismiss in the absence of plaintiff's

response.

Plaintiff's complaint seeks damages for alleged medical malpractice and wrongful death and

was filed under the Federal Tort Claims Act, 28 U.S.C. § 1364(b). The claims apparently arise from

---

[1]Copies of the order to show cause and the order granting an extension of time were sent
by regular and certified mail, return receipt requested, to plaintiff's attorney Michael R. Berlon
at his address of record. Both certified mail receipts were signed by a Donald Beck and
docketed upon their return to the court. See ECF docs. 12 and 15.

medical care received by plaintiff's wife, decedent Brenda O'Dell, by medical professionals employed by the United States Air Force. The complaint alleges that Brenda O'Dell was on active duty in the United States Air Force when she sought medical treatment at Travis Air Force Base in California.

Defendant asserts that venue in the Western District of Missouri is improper. "The [FTCA] venue provision . . . provides that claims under the FTCA may be brought 'only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred.'" Smith v. United States, 507 U.S. 197, 202 (1993) (quoting 28 U.S.C. § 1402(b)). According to plaintiff's complaint, he is a resident of O'Fallon, Illinois. In addition, the acts or omissions forming the basis for plaintiff's claims occurred at Travis Air Force Base in California. The complaint does not contain any allegations regarding alleged acts or omissions in the Western District of Missouri, or any other ties to this jurisdiction. As a result, the court concludes that the venue does not lie in the Western District and will grant the motion to dismiss for improper venue. The case will be dismissed without prejudice. As a result, defendant's other motion to dismiss will be denied as moot.

Accordingly, it is hereby

ORDERED that defendant's motion to dismiss for improper venue (ECF doc. 8) is GRANTED. This case is hereby DISMISSED without prejudice. It is further

ORDERED that defendant's motion to dismiss partially for lack of subject matter jurisdiction and/or for failure to state a legally cognizable claim (ECF doc. 9) is DENIED as moot. It is further

ORDERED that the clerk of the court shall send a copy of this order by regular and certified mail, return receipt requested, to plaintiff's attorney, who is not yet enrolled in the CM/ECF notification system: Michael R. Berlon, Law Office of Michael R. Berlon, 1911 Grayson Highway, Suite 8-374, Grayson, GA 30017.

/s/ Howard F. Sachs
HOWARD F. SACHS
UNITED STATES DISTRICT JUDGE

January  5 , 2011

Kansas City, Missouri